UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHERYL EVANS, | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
|     vs. | )   CAUSE NO. 2:12-CV-466-RLM-APR |
| | ) |
| U.S. DEPARTMENT OF THE INTERIOR AND NATIONAL PARK SERVICE, | ) |
| | ) |
|     DEFENDANTS. | ) |

## OPINION and ORDER

Plaintiff Cheryl Evans filed a Rule 56(d) motion to defer consideration of defendants' motion for summary judgment and permit plaintiff to take discovery or, in the alternative, to deny defendants' motion for summary judgment. Defendants U.S. Department of the Interior and National Park Service responded to the motion and Ms. Evans replied. The motion is ripe for review.

### I. BACKGROUND

Ms. Evans[1] filed an amended complaint alleging the U.S. Department of the Interior and the National Park Service violated the Freedom of Information Act when they withheld or redacted documents in response to six of her FOIA requests. She alleges the government submitted deficient Vaughn Indexes,

---

[1] Ms. Evans filed her complaint *pro se*, but, as an attorney, later entered an appearance on her own behalf.

performed inadequate searches for documents, improperly redacted or withheld the production of twenty-four documents, improperly segregated exempt and non-exempt material, and unreasonably delayed production of the records.[2]

The Freedom of Information Act requires agencies to make their records available to the public unless a record falls within a specific exemption. Becker v. I.R.S., 34 F.3d 398, 402 (7th Cir. 1994) (*citing* 5 U.S.C. § 552(d)). Agencies have a duty to conduct a reasonable search for records responsive to a FOIA request. Barmes v. I.R.S., 60 F. Supp. 2d 896, 899 (S.D. Ind. 1998); *see also* Torres v. C.I.A., 39 F. Supp. 2d 960, 963 (N.D. Ill. 1999) ("[W]hat the law requires is only a *reasonable,* and not necessarily a *perfect,* search."). The agency bears the burden of proving an exemption applies to a record, Becker v. I.R.S., 34 F.3d at 402, or the search was adequate. Barmes v. I.R.S., 60 F. Supp. 2d at 899. "District courts have jurisdiction to order the production of 'agency records improperly withheld.'" Id. (*quoting* 5 U.S.C. § 552(a)(4)(B)).

The government's motion for summary judgment pends. "FOIA cases typically and appropriately are decided on motions for summary judgment." Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Veterans Affairs, 828 F. Supp. 2d 325, 329 (D.D.C. 2011). Summary judgment in a FOIA case may be awarded "solely on the basis of information provided in affidavits or declarations," typically provided by agency employees, "when the affidavits or

---

[2] The six requests at issue are identified as NPS FOIA requests: 12-360, 12-513, 12-514, 12-515, 12-999, and 13-060.

declarations are 'relatively detailed and non-conclusory' . . . and 'describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" Id. at 329-330. Affidavits or declarations are also sufficient to sustain the agency's burden of proving the search was adequate by supplying facts indicating that the agency has conducted a thorough search. Families for Freedom v. U.S. Customs & Border Prot., 837 F. Supp. 2d 331, 336 (S.D.N.Y. 2011) (*quoting* Carney v. U.S. Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994)). Agency affidavits are accorded a presumption of good faith, so "discovery relating to the agency's search and the exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face." Carney v. U.S. Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994).

Ms. Evans responded to the summary judgment motion and simultaneously filed the motion for discovery that is presently before the court, an amended affidavit to support the motion for discovery, and motions to strike three affidavits and the Vaughn Index submitted by the government to support its motion for summary judgment. Upon motion by the government, the court stayed the briefing on the motions to strike and the summary judgment motion. Because briefing on the other motions has been stayed, the court can't decide the issues at the same time.

II. Standard of Review

If a party opposing a summary judgment motion shows by affidavit or declaration that it can't present facts essential to justify its opposition, Federal Rule of Civil Procedure 56(d) allows the court to "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Rule 56(d) "places the burden on the non-movant that believes additional discovery is required to 'state the reasons why the party cannot adequately respond to the summary judgment motion without further discovery.'" Sterk v. Redbox Automated Retail, LLC, 770 F.3d 618, 628 (7th Cir. 2014). To justify discovery in a FOIA case, "once the agency has satisfied its burden, the plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declaration . . . or provide some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate.'" Carney v. U.S. Dep't of Justice, 19 F.3d at 812.

III. Discussion

Ms. Evans asks the court to defer consideration of the summary judgment motion so that she can obtain affidavits or declarations or to take discovery as the rule allows. She must do this, she claims, to obtain the facts essential to her opposition of summary judgment. She also seeks discovery related to whether agency personnel acted arbitrarily and capriciously when they withheld

information from her. The government contends summary judgment is appropriate on several claims for procedural reasons.[3] Ms. Evans doesn't suggest that she needs further discovery to defend against these arguments.

As a preliminary matter, the government argues that Ms. Evans' amended affidavit, as required by Rule 56(d), that purports to support her request for discovery is insufficient. The affidavit, the government contends, doesn't contain any assertions of what Ms. Evans hopes to discover or what facts may be developed that would aid in her opposition to the government's motion for summary judgment. The court agrees. Her affidavit cites the government's slow response times, a mistaken identification of a document from 1973, and her belief that a government employee might know the answer to a question because she heard him testify about the matter in another case but she doesn't remember what he said. The rest of the affidavit sets forth undisputed facts. Ms. Evans contends that her sixteen other filings, which total over 200 pages, that she filed after the government filed its summary judgment motion were incorporated in her affidavit by reference. The court declines to scour the other filings to determine whether discovery is needed, Little v. Cox's Supermarkets, 71 F.3d

---

[3] The government argues Ms. Evans hasn't exhausted her administrative remedies for requests 12-513, 12-515, and 13-060 and her administrative appeal of request 12-514 was untimely (except those claims related to redactions of nine records sent with a December 12, 2013 letter). The government argues summary judgment is appropriate on Ms. Evans' inadequate search claim regarding request 12-360 because her appeal only challenged the redaction of a document and not the search for it. For request 12-999, the government says the inadequate search is limited to one document, which isn't enough to survive summary judgment. Finally, the government asserts that untimely responses under the FOIA don't create a tort-like cause of action.

637, 641 (7th Cir. 1995) (The court need not "scour the party's various submissions to piece together appropriate arguments."), but the court will review Ms. Evans' corresponding motion for discovery.

First, Ms. Evans argues the affidavits on which the government relies to support its assertion that it performed adequate searches for the requested documents are vague. The government relies on the affidavits of Patricia Rooney, NPS Midwest Region's Public Affairs Specialist, and Elizabeth McConnell, Chief of Administration and Business Services for Indiana Dunes National Lakeshore.[4] For example, Ms. Evans says doesn't know: if the Indiana Dunes National Lakeshore offices in Porter, Indiana were searched for all six of her FOIA requests; if the park superintendent's files were searched; if not "current" General Agreement Law Enforcement documents are in defendants' files; if Ms. Rooney was involved in all six FOIA request searches; and if other individuals were involved in the searches. She wants a better description from Ms. Rooney of the files and documents that were searched. Ms. Evans says this discovery is necessary for the court to assess whether a reasonable search was performed, but she doesn't tell the court why it is necessary. The adequacy of the search is decided on a reasonableness standard. Becker v. I.R.S., 34 F.3d 398, 406 (7th Cir. 1994). If the affidavits are vague as Ms. Evans claims, then summary judgment must be denied. Citizens for Responsibility & Ethics in Washington v.

---

[4] Ms. Evans moves to strike the declarations of Ms. Rooney and Ms. McConnell.

U.S. Dep't of Veterans Affairs, 828 F. Supp. 2d 325, 329-330 (D.D.C. 2011) ("[I]n an FOIA case, the Court *may* award summary judgment solely on the basis of information provided in affidavits or declarations when the affidavits or declarations are 'relatively detailed and non-conclusory.'"). Ms. Evans doesn't explain how an answer to her questions could make the searches inadequate as a matter of law.

Next, Ms. Evans argues the Vaughn Index that the government relies on to support its argument that it appropriately used Exemptions 5 and 7 to withhold certain documents or portions of documents lacks appropriate descriptions.[5] Ms. Evans says she needs further discovery because she wants to know: the factual context of the withheld documents; what the foreseeable harm is; whether all non-exempt material has been disclosed; whether the documents withheld under the attorney-client privilege were always confidential; and whether the Deliberative Process Privilege documents were shared with outside organizations. If, however, the Vaughn Index is deficient, summary judgment will be denied. Summary judgment is only appropriate if the affidavits "describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Citizens for Responsibility & Ethics

---

[5] Ms. Evans moves to strike the Vaughn Index. The government contends a deficient Vaughn Index isn't an appropriate cause of action.

in Washington v. U.S. Dep't of Veterans Affairs, 828 F. Supp. 2d at 330. Further, the court may review the documents *in camera* if necessary. 5 U.S.C. § 552(a)(4)(B); Simmons v. U.S. Dep't of Justice, 796 F.2d 709, 710-711 (4th Cir. 1986).[6]

Ms. Evans also says she needs discovery to answer the following questions: why the government withheld fourteen documents for six months after the documents had been released; whether the 2006 version of a document exists in the government's files; why Ms. McConnell's job title changed; what role the "special binder" on jurisdiction played in defendants' operations; and what files were maintained regarding her and her FOIA requests. Moreover, she wants to question Michael Bremer, a NPS law enforcement officer, regarding testimony he gave in another matter.[7] Ms. Evans doesn't tell the court how the answer to these questions will help her defend against the summary judgment motion, with the exception of the different job title. Ms. McConnell's job title changed from "FOIA Officer of Indiana Dunes National Lakeshore" in her first affidavit to "Chief of Administration and Business Services for Indiana Dunes National Lakeshore" in her second affidavit. Ms. Evans says discovery on this factual discrepancy is needed so that she can determine whether Ms. McConnell is qualified to speak for the government regarding FOIA matters, and she infers that the change

---

[6] The government says that it will produce the documents for *in camera* review if the court believes the review would be helpful.

[7] Ms. Evans moves to strike Mr. Bremer's declaration.

indicates bad faith on the part of the government. As required by Federal Rule of Civil Procedure 56(c)(4), the court will determine, based on her qualifications and experience, whether Ms. McConnell is competent to testify on the matters stated in her affidavit. The change in her job title isn't likely to impact the court's analysis of her competence. Ms. McConnell could have simply received a promotion or switched jobs within the organization. Furthermore, Ms. Evans doesn't explain, and the court doesn't understand, how Ms. McConnell's changed job title is evidence of bad faith. Silets v. U.S. Dep't of Justice, 945 F.2d 227, 231 (7th Cir. 1991) ("The mere allegation of bad faith does not undermine the sufficiency of agency submissions. There must be tangible evidence of bad faith; without it the court should not question the veracity of agency submissions.") (*quoting* Carter v. U.S. Dep't of Commerce, 830 F.2d 388, 393 (D.C. Cir. 1986)). Thus, the one discovery request for which Ms. Evans offers her theory on why she needs the discovery will likely have no impact on her defense to the summary judgment motion. The court declines to hypothesize about which summary judgment argument Ms. Evans believes the answers to the other questions would refute.

Finally, Ms. Evans seeks discovery related to whether agency personnel acted arbitrarily and capriciously when they withheld information from her. She says this discovery relates to her claim that the government unreasonably delayed the provision of the requested records. The government contends that such evidence is only needed if the court makes a finding that the records were

improperly withheld. *See* 5 U.S.C. § 552(a)(4)(F)(i) ("Whenever the court orders the production of any agency records improperly withheld from the complainant . . . and the court additionally issues a written finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding . . . ."). Because Ms. Evans doesn't tell the court the basis for her claim and she doesn't contend the claim is based on a different section of the statute, the court relies on the statute cited by the government. Evidence on whether agency personnel acted arbitrarily and capriciously isn't required at this time.

Ms. Evans' affidavit and the corresponding motion for discovery don't show specific reasons why she needs further evidence to defend against the summary judgment motion. The court understands that Ms. Evans would like to ask the government many more questions; that's the nature of FOIA claims. But a motion to defer consideration of a summary judgment motion so the opposing party may take discovery isn't designed to allow the opposing party to pursue any and all discovery. The discovery sought should be limited to what is needed to oppose the summary judgment motion. Ms. Evans filed a response to the motion for summary judgment. So, if she needed evidence to defend against the summary judgment arguments, she should have been able to point to specific arguments and evidence. Ms. Evans hasn't identified any discovery that is necessary at this time.

IV. CONCLUSION

For these reasons, plaintiff's Rule 56(d) motion to defer consideration of defendants' motion for summary judgment and permit plaintiff to take discovery (Doc. No. 46) is DENIED. The court lifts the stay on the other pending motions. The government has twenty-one days from the date of this order to respond to the motions to strike; Ms. Evans will then have fourteen days to reply. The government has twenty-one days from the date of this order to file its reply on its summary judgment motion.

SO ORDERED.

ENTERED: August 20, 2015

/s/ Robert L. Miller, Jr.
Judge
United States District Court